# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                             Case No. 08-CR-261

MATTHEW J. ANDERSON,

        Defendant.

## ORDER GRANTING DEFENDANT'S REQUEST FOR <u>FRANKS</u> HEARING

On September 22, 2008, the Honorable William E. Callahan, Jr., signed a criminal complaint charging Matthew J. Anderson ("Anderson") with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). (Docket No. 1.) On October 7, 2008, the grand jury returned a two count indictment alleging in each count that Anderson possessed child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

On December 29, 2008, Anderson filed a motion to suppress evidence seized pursuant to a search warrant issued in Milwaukee County Circuit Court, on the basis that the affidavit submitted in support of the search warrant failed to establish probable cause, and that there were material facts omitted from the affidavit that were omitted in reckless disregard of the truth, contrary to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). (Docket Nos. 15, 16.) In this motion, Anderson requests an evidentiary hearing, commonly referred to as a <u>Franks</u> hearing. The government has responded in opposition to Anderson's request for a <u>Franks</u> hearing. (Docket No. 17.) Chief Judge Rudolph T. Randa has set March 12, 2009 as the deadline for submitting proposed voir dire questions and jury instructions and scheduled a jury trial to commence on March 16, 2009.

Prior to a court granting a defendant's request for a <u>Franks</u> hearing, the defendant must make a "substantial preliminary showing" that (1) the affidavit contained erroneous information and (2) that the police officers knew the information was erroneous or the police officers recklessly disregarded the truth. <u>United States v. Amerson</u>, 185 F.3d 676, 688 (7th Cir. 1999) (citing <u>United States v. Pritchard</u>, 745 F.2d 1112, 1119 (7th Cir. 1984)). A defendant's demonstration that an affidavit contains inaccurate information is insufficient. Rather the defendant must also demonstrate that the affiant knew, or should have known, that the statement was false. In this regard, the focus is upon the state of mind of the affiant. <u>United States v. Jones</u>, 208 F.3d 603, 607 (7th Cir. 2000); <u>United States v. Roth</u>, 201 F.3d 888, 892 (7th Cir. 2000). Only if the defendant is able to make a substantial preliminary showing that the affiant acted intentionally or recklessly will a court grant a motion for a <u>Franks</u> hearing. <u>United States v. Whitley</u>, 249 F.3d 614, 620 (7th Cir. 2001). "Because states of mind must be proved circumstantially, a fact finder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations." <u>Id.</u> at 621 (citing <u>United States v. Williams</u>, 737 F.2d 594 (7th Cir. 1984)) (internal quotation marks omitted). Conclusory statements do not constitute a "substantial preliminary showing." <u>United States v. Taylor</u>, 154 F.3d 675, 680 (7th Cir. 1998).

> The Seventh Circuit tests an affidavit's allegedly omitted statements under the same standard that the <u>Franks</u> Court has established for false statements. <u>United States v. Williams</u>, 737 F.2d 594, 604 (7th Cir. 1984). The omission of a fact from an affidavit is material only if it amounts to deliberate falsehood or reckless disregard for the truth. <u>United States v. Kimberlin</u>, 805 F.2d 210, 252 (7th Cir. 1986). Mere negligence by the affiant does not constitute reckless disregard for the truth. <u>United States v. A Residence Located at 218 Third Street</u>, 805 F.2d 256, 258 (7th Cir. 1986). Nor is an omission material if, in context, the information was of such minimal significance that its omission could not reasonably have affected the magistrate's judgment in finding probable cause to search. <u>Kimberlin</u>, 805 F.2d at 251.

<u>United States v. McNeese</u>, 901 F.2d 585, 594 (7th Cir. 1990).

Anderson contends that a <u>Franks</u> hearing regarding each of the two separate search warrants issued in this matter. With respect to the first search warrant, issued on September 8, 2008, Anderson contends that a hearing is necessary because the affidavit falsely stated that Anderson purchased memberships to four websites identified by investigators as containing child pornography. (Docket No. 16 at 4.) However, Anderson contends, that discovery in the case reveals that in each instance, Anderson's payment was denied. (Docket No. 16 at 4.)

With respect to the second search warrant, issued on September 18, 2008, Anderson contends that probable cause would have been defeated if the affiant had included the facts that the images of alleged child pornography recovered from a computer seized from Anderson's residence had been deleted 22 months earlier and were accessible only by agents specially trained and equipped with forensic software to enable the retrieval of these deleted files. Additionally, Anderson contends that evidence seized pursuant to the first search warrant and statements obtained from Anderson following his arrest were all fruits of the initial allegedly deficient warrant and therefore should be suppressed.

The government responds that the statement on the document that Anderson relies to contend that payment was denied is inconsistent with everything else on the same document that indicates that the transaction was complete. Further, the government has provided to Anderson an additional document, (Docket No. 17-2), which it contends was the document that the agent relied upon in making the statements contained in the affidavit, that indicates that the relevant transactions were completed. With respect to the second search warrant, the government contends that Anderson's statement that he could not have recovered the files is impermissibly conclusory and insufficient to warrant a <u>Franks</u> hearing.

For the reasons set forth below, the court disagrees with the government and shall grant Anderson's request for a <u>Franks</u> hearing. Anderson has made the requisite "substantial preliminary

3

showing" that (1) the affidavit contained erroneous information and (2) that the police officers knew the information was erroneous or the police officers recklessly disregarded the truth. See Amerson, 185 F.3d at 688.

The documents that Anderson submitted that indicate that the relevant transactions were not completed, (Docket No. 16-3 at 2-8), are clearly investigatory documents secured by law enforcement in its investigation of Anderson. These documents seemingly provide contradictory information, indicating the "Status" as "Completed" while at the same time stating "Denied Funding Sources" because "Sender is not verified." The document contains a date stamp indicating they were printed on August 14, 2008. Thus, a reasonable inference is raised that investigating officers had this information in their possession at the time the search warrant was issued. A failure to include evidence that would indicate that the relevant transactions had, in fact, not been completed, may undermine the probable cause determination, particularly in light of the fact that the affidavit includes the following statement: "Your affiant observed nothing from PayPal or any other source that Anderson's purchases were rejected, disputed, or challenged due to fraud or misrepresentation. Rather, your affiant observed that the status of these purchases was listed by PayPal as 'Completed.'" (Docket No. 16-2 at 28-29.) Thus, the court finds that with respect to the first search warrant, a Franks hearing is necessary to determine whether the affiant knew or reasonably should have known that there was information to indicate that the relevant transactions were not completed, if that was the case.

With respect to the second search warrant, the fact that the recovered data may have been deleted and rendered effectively inaccessible to Anderson is highly relevant to the question of whether or not probable cause existed to search the external hard drive that was in his personal backpack that he had with himself when he was arrested at the University of Wisconsin – Milwaukee.

Notably, the affidavit contains boilerplate paragraphs common in search warrants regarding child pornography contending, in part, "that individuals who are involved with child pornography are unlikely to voluntarily dispose of the images they possess, as those images are viewed as prized and valuable materials," (Docket No. 16-9 at 7 ¶15), as well as numerous paragraphs outlining specific examples where child pornography was discovered long after the suspect initially acquired it, (Docket No. 16-9 at 7-9 ¶¶16-18). The deletion of child pornography could raise a reasonable inference that Anderson, in contravention to this profile of a child pornography collector, may have abandoned his interest in child pornography long ago, and thus may be unlikely to have child pornography or evidence related to crimes of possession of child pornography or sexual exploitation of minors, on a hard drive possessed within a backpack carried by Anderson to college.

Therefore, the court concludes that Anderson has made the requisite "substantial preliminary showing" that (1) the affidavit contained erroneous information and (2) that the police officers knew the information was erroneous or the police officers recklessly disregarded the truth. See Amerson, 185 F.3d at 688. Determining what allegations should, or should not have been, included in the applications, effects the ultimate probable cause determination. Thus, a Franks hearing is necessary to determine what it is that the affiant knew or reasonably should have known regarding the accessibility of the relevant files.

**IT IS THEREFORE ORDERED** that Anderson's request for a Franks hearing is **granted**. A hearing shall commence on **February 5, 2009** at **9:00 AM** in Courtroom 254 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.  All briefing on this motion is **suspended** pending further scheduling by the court.

Dated at Milwaukee, Wisconsin this 12th day of January 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge