UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                                  Case No. 08-CR-261

MATTHEW J. ANDERSON,

        Defendant.

## ORDER GRANTING MOTION FOR RECONSIDERATION AND MOTION TO QUASH

On September 22, 2008, the Honorable William E. Callahan, Jr., signed a criminal complaint charging Matthew J. Anderson ("Anderson") with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). (Docket No. 1.) On October 7, 2008, the grand jury returned a two count indictment alleging in each count that Anderson possessed child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

On December 29, 2008, Anderson filed a motion to suppress evidence seized pursuant to a search warrant issued in Milwaukee County Circuit Court, on the basis that the affidavit submitted in support of the search warrant failed to establish probable cause, and that there were material facts omitted from the affidavit that were omitted in reckless disregard of the truth, contrary to Franks v. Delaware, 438 U.S. 154 (1978). (Docket Nos. 15, 16.) In this motion, Anderson requested an evidentiary hearing, commonly referred to as a Franks hearing. The government responded in opposition to Anderson's request for a Franks hearing. (Docket No. 17.)

On January 12, 2009, this court determined that Anderson made the requisite substantial preliminary showing that the affidavits submitted in support of each of the two search warrants at issue in this case contained erroneous information and that the police officers knew, or should have known, that the information was erroneous or the police officers recklessly disregarded the truth. (Docket No. 19 (citing United States v. Amerson, 185 F.3d 676, 688 (7th Cir. 1999) (in turn citing United States v. Pritchard, 745 F.2d 1112, 1119 (7th Cir. 1984))).)

Chief Judge Rudolph T. Randa has set March 12, 2009 as the deadline for submitting proposed voir dire questions and jury instructions and scheduled a jury trial to commence on March 16, 2009.

**MOTION FOR RECONSIDERATION**

The government has now filed a motion requesting the court to reconsider its order granting Anderson a Franks hearing with respect to the first search warrant. (Docket No. 21.) Anderson has responded. (Docket No. 22.) In his response, Anderson raises a distinct issue, speculating that the government is falsely stating in its response that the affiant relied upon a certain document, (Docket No. 17-2) for the statements contained in the search warrant. Because the document contains indications that Anderson purchased children's underwear, Anderson's attorney finds it likely that if the affiant relied upon this document, the affiant would have also included such information in the affidavit. (Docket No. 22.)

This new allegation is entirely distinct from the allegations the court relied upon in granting the defendant's request for a Franks hearing. When the court grants a request for a Franks hearing, it does not open the door to a defendant being permitted to broadly explore all potential avenues of investigatory misconduct. Based upon Anderson's present response, (Docket No. 22), and Anderson's prior motion for advanced production of subpoenaed materials, (Docket No. 20), it

appears that Anderson is envisioning an evidentiary hearing far broader than what this court will permit.

The court determined that a Franks hearing was appropriate because the affiant stated: "Your affiant observed nothing from PayPal or any other source that Anderson's purchases were rejected, disputed, or challenged due to fraud or misrepresentation. Rather, your affiant observed that the status of these purchases was listed by PayPal as 'Completed.'" (Docket No. 16-2 at 28-29). This statement, viewed in light of the records, raises a question of whether in fact the affiant knew, or should have known, that the PayPal records were inconsistent with respect to whether or not the transactions had been completed. Specifically, Anderson pointed to investigatory documents that seemingly provide contradictory information, indicating the "Status" as "Completed" while at the same time stating "Denied Funding Sources" because "Sender is not verified." (Docket No. 16-3 at 2-8.)

The government has now submitted a sworn statement from Melanie Cervantes, Senior Fraud Investigator for Ebay PayPal, wherein she states that the "Denied Funding Sources" box appears on every transaction in the PayPal system, and provided the "Status" of the transaction is "Completed" this indicates that the transaction was processed through to completion and "funds were successfully transferred from the sender's credit card to the receiver's PayPal account." (Docket No. 21-2.)

Although the government's Motion for Reconsideration answers questions relating to the apparently contradictory information on the PayPal transaction and whether or not the transaction was, in fact, completed, the court did not schedule a Franks hearing to learn what Melanie Cervantes knew. The relevant question to be answered at a Franks hearing was what the affiant knew or reasonably should have known. In this case, if the affiant were to testify that he knew at the time he submitted the affidavit that the "Denied Funding Sources" box appeared on every PayPal

3

transaction and that it was the transaction's "Status" that determined whether or not the transaction was completed, and the affiant were to be believed, this would end the inquiry.

But the government has presented nothing to indicate that the affiant had this knowledge at the time he submitted the affidavit. Absent such evidence, Anderson has made a substantial preliminary showing that the affiant knew or should have known that there was evidence in the PayPal records to indicate that the transaction was not completed. Whether or not the transactions were, in fact, completed, does not affect the apparent falsehood or reckless disregard of the truth as to the affiant's statement that he had seen nothing to indicate that these transactions were rejected.

Nonetheless, in light of the government's additional evidence, the court finds that holding a Franks hearing regarding the first search warrant is unnecessary because regardless of the outcome of the Franks hearing, the government has demonstrated that the evidence Anderson seeks to have suppressed on the basis that it was the product of a defective search warrant, would nonetheless have been inevitably discovered.

"[I]nevitable discovery involves no speculative elements but focuses on demonstrated historical facts capable of ready verification or impeachment and does not require a departure from the usual burden of proof at suppression hearings." Nix v. Williams, 467 U.S. 431, 444 n.5 (1984). "[W]hat makes a discovery 'inevitable' is not probable cause alone, . . . but probable cause plus a chain of events that would have led to a warrant (or another justification) independent of the search.." United States v. Brown, 64 F.3d 1083, 1085 (7th Cir. 1995).

The agents were clearly intent upon securing a warrant to search Anderson's computers. Had the affiant included the contradictory information regarding the status of the relevant transactions and if this would have undermined the existence of probable cause resulting in a rejection of the search warrant, that impediment would have been quickly and simply resolved by a phone call to PayPal. Surely, investigators would have undertaken this simple step to resolve the apparent contradiction in the records. As the sworn statement of PayPal's Senior Fraud Investigator makes clear, further

4

investigation would have revealed that the transactions were, in fact, completed. Since establishing completed transactions supports the existence of probable cause, once this was presented to the judicial officer, the search warrant would have issued. The first search warrant thus withstands the defendant's challenge. The court shall enter a formal recommendation that Anderson's motion to suppress evidence seized pursuant to the first search warrant be denied at the time the court enters its recommendation regarding Anderson's motion to suppress evidence seized pursuant to the second search warrant. An evidentiary hearing on that challenge will be held as scheduled.

**MOTION TO QUASH**

Finally, the government has moved to quash the subpoenas for the production of documents pursuant to Federal Rule of Criminal Procedure 17(c)(2). (Docket No. 23.) Rule 17(c)(2) provides: "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." The government contends that Anderson's requests go well beyond what he is entitled to and the documents are not relevant to the Franks hearing.

Anderson has responded and outlines the reasons why he believes the information requested is necessary to the issues to be resolved at the Franks hearing. (Docket No. 24.) However, Anderson's response makes clear that many of Anderson's requests are now moot in light of the court's order set forth above limiting the Franks hearing to the second search warrant.

Upon reviewing Anderson's response relating the information that Anderson seeks regarding the second search warrant, it is apparent to the court that Anderson is seeking to expand the scope of the Franks hearing beyond that authorized by the court. Anderson alleges "a systemic level of misrepresentation at the Wisconsin Department of Justice," (Docket No. 24 at 6), and seeks to receive evidence on matters such as who made the decision "to do one EnCase report for two hard drives," (Docket No. 24 at 6), and "to omit from the EnCase report whether software existed

on the Samsung computer, seized pursuant to the first warrant, which would enable the user to recover deleted images from this particular inoperable computer," (Docket No. 24 at 7).

Although this court has granted Anderson's request for a Franks hearing with respect to the second search warrant, it did so to provide this court an evidentiary basis to answer narrow questions, i.e., to what degree were the relevant files rendered inaccessible and what did the affiant know, or reasonably should have known, regarding the accessibility of the relevant files? A Franks hearing is not an opportunity for a defendant to explore every avenue of potential impropriety in an effort to undermine a search warrant. A Franks hearing is not a fishing expedition, see, e.g., Suggs v. United States, 2006 U.S. Dist. LEXIS 25589 (N.D. Ind. 2006), and likewise, a subpoena may not be used as a net for that expedition, see, e.g., In re Grand Jury Investigation, 746 F. Supp. 866, 867 (E.D. Wis. 1990).

In light of the court's conclusion that the information sought by Anderson through the subpoenas is highly unlikely to constitute or lead to relevant evidence, and rather the scope of the subpoenas appears to indicate that Anderson is attempting to undertake a proverbial "fishing expedition," requiring compliance would be unreasonable. Accordingly, the government's motion to quash shall be granted.

**IT IS THEREFORE ORDERED** that the government's motion for reconsideration with respect to the order granting the Franks hearing regarding the first search warrant, (Docket No. 21), is **granted**. The previously scheduled Franks hearing shall be limited to the second search warrant.

**IT IS FURTHER ORDERED** that the government's motion to quash subpoenas for the production of documents, (Docket No. 23), is **granted**. Accordingly, Anderson's motion for early production of documents, (Docket No. 20), is **denied as moot**.

Dated at Milwaukee, Wisconsin this 27th day of January 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge